# United States District Court
## District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**MICHAEL JOHN HARRIS** | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE**<br>Case Number: **16MJ0081 HB**<br>USM Number: **20570-041**<br><br>James Becker<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]  pleaded guilty to **Counts 1 and 2 of the Information**.
[ ]  pleaded nolo contendere to counts(s) which was accepted by the court .
[ ]  was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 248(a)(1) and 18 U.S.C. § 248(b)(1) | Freedom of Access to Clinic Entrances | May 12, 2014 | 1 |
| 18 U.S.C. § 248(a)(1) and 18 U.S.C. § 248(b)(1) | Freedom of Access to Clinic Entrances | May 12, 2014 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s)**: n/a**
[ ]  Count(s)  (is)(are) dismissed on the motion of the United States: **n/a**.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

February 27, 2017
Date of Imposition of Judgment

*s/Hildy Bowbeer*
Signature of Judge

**HILDY BOWBEER**, United States Magistrate Judge
Name & Title of Judge

March 21, 2017
Date

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

DEFENDANT: MICHAEL JOHN HARRIS
CASE NUMBER: 16MJ0081 HB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **6 months**.

[✓]  The court makes the following recommendations to the Bureau of Prisons: **The Court recommends that Defendant be designated to a facility in Minnesota or as close to Minnesota as possible.**

[ ]  The defendant is remanded to the custody of the United States Marshal.

[✓]  Defendant shall surrender to his designated place of confinement or to the United States Marshal Service in St. Paul or Minneapolis, Minnesota, within 24 hours of notice of the BOP's designation or by 2:00 p.m. on March 13, 2017, whichever is later.

[ ]  The defendant shall surrender to the United States Marshal for this district.
    [ ] at   on .
    [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before  on .
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on_____ to _____
a _____ , with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy United States Marshal

AO 245B (Rev. 11/16)  Sheet 3 - Supervised Release

DEFENDANT:        MICHAEL JOHN HARRIS
CASE NUMBER:      16MJ0081 HB

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **1 year.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - [] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. [✓] You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable)*
5. [] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. [] You must participate in an approved program for domestic violence. (*check if applicable*)
7. [✓] You must report to the U.S. Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
8. [✓] You shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)  Sheet 3A - Supervised Release

DEFENDANT: MICHAEL JOHN HARRIS
CASE NUMBER: 16MJ0081 HB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____  Date _____

Probation Officer's Signature  _____  Date _____

AO 245B (Rev. 11/16)  Sheet 3D - Supervised Release

DEFENDANT:        MICHAEL JOHN HARRIS
CASE NUMBER:      16MJ0081 HB

# SPECIAL CONDITIONS OF SUPERVISION

a. You shall participate in a location monitoring program for a period of 4 months.  You shall be monitored using cellular technology.  You shall be monitored under the following restrictions: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer. You shall not be required to pay the costs of location monitoring.

b. You shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

c. You shall complete an immediate assessment or participate in a program for substance abuse as approved by the probation officer upon release or relapse during their term of supervised release.  That program may include testing and inpatient or outpatient treatment, counseling, or a support group.  Further, you shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program, not to exceed the total cost of treatment.

d. You shall have no contact with the victim (including letters, communication devices, audio, or visual devices, visits, or any contact through a third party) without prior consent of the probation officer. This includes, but is not limited to, Planned Parenthood of Minneapolis, Minnesota, and the Office of Dr. Mildred Hanson.

e. You shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer.  Further, you shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

f. You shall take any prescribed medications as directed by a medical provider.

g. You shall perform 100 hours of community service, as approved by the probation officer.

h. If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, you may be required to perform up to 20 hours of community service per week, separate and apart from the 100 hours of community service set forth in subparagraph (g) above, until employed. You may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

AO 245B (Rev. 11/16)  Sheet 5 - Criminal Monetary Penalties

DEFENDANT:         MICHAEL JOHN HARRIS
CASE NUMBER:       16MJ0081 HB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | JVTA Assessment* | Fine | Restitution |
|---------|------------|------------------|------|-------------|
| Totals: | $50.00     |                  |      | **$0.00**   |

[✓]  **The determination of restitution originally was deferred until May 27, 2017. On March 17, 2017, the Government filed a Notice of Restitution advising the Court that no victim intended to make a claim for restitution. [Doc. No. 43.]  This Amended Judgment in a Criminal Case is entered to finalize the issue of restitution. No restitution is ordered.**

[]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---------------------------|--------------|---------------------|------------------------|
|                           |              |                     |                        |
|                           |              |                     |                        |
|                           |              |                     |                        |
| TOTALS:                   |              | $0.00               | $0.00                  | 0.00% |

**Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.**

[]   Restitution amount ordered pursuant to plea agreement **$**.

[]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   []  the interest requirement is waived for the [] fine [] restitution.

   []  the interest requirement for the: [] fine  [] restitution is modified as follows:

 * Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
 ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 11/16)  Sheet 6 - Schedule of Payments

DEFENDANT: MICHAEL JOHN HARRIS
CASE NUMBER: 16MJ0081 HB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     []     Lump sum payment of  $ due immediately, balance due

            [] not later than , or
            [] in accordance [] C, [] D, [] E, or  [] F below; or

B     []      Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C     []     Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $ over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days) after the date of this judgment; or

D     []     Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $ over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days ) after the release from imprisonment to a term of supervision; or

E     []     Payment during the term of supervised release will commence within  (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at the time; or.

F     []     Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]     Joint and Several
        Defendant and Co-Defendant Names and  Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[]     The defendant shall pay the cost of prosecution.

[]     The defendant shall pay the following court cost(s):

[]     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including costs of prosecution and court costs.

AO 245B (Rev. 11/16)  Sheet 6 - Schedule of Payments